IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-02080-PAB-STV

ALLSTATE FIRE & CASUALTY INSURANCE COMPANY and
ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY,

    Plaintiffs,

v.

ELECTROLUX HOME PRODUCTS, INC.,

    Defendant.

## ORDER

    This matter is before the Court on Defendant Electrolux Home Products, Inc.'s Motion to Sever and Dismiss [Docket No. 11]. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

    Plaintiffs filed their complaint on August 17, 2016. Docket No. 1. Plaintiffs provided insurance coverage to property owners who suffered losses at the following locations on the following dates:

|    | Subrogors | Dates of Loss | Loss Locations | Allstate Paid Out in Excess of |
|----|-----------|---------------|----------------|-------------------------------|
| a. | Anthony & Rachel Plucinski | 11/13/2014 | 8972 Kent Street, Westminster, Colorado | $129,889.19 |
| b. | Eric & Cheryl Smith | 8/22/2014 | 1446 Fairfield Avenue Windsor, Colorado | $74,910.66 |

Docket No. 1 at 2, ¶ 4. Plaintiffs have a subrogation interest in the claims asserted in

this action. *Id.*, ¶ 5. Plaintiffs allege that each of the subrogor's claims at issue "stemmed from a fire caused by a dryer designed, manufactured, and sold into the stream of commerce by Electrolux." *Id.* at 3, ¶ 11. Defendant argues that the two subrogation claims are improperly joined. Docket No. 11.

Rule 21 of the Federal Rules of Civil Procedure governs misjoinder and nonjoinder of parties, providing that "[t]he court may [] sever any claim against a party." Fed. R. Civ. P. 21. Severance under Rule 21 creates a separate case. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1519 (10th Cir. 1991). A court has broad discretion in deciding whether to sever parties or claims. *German by German v. Fed. Home Loan Mortg. Corp.*, 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995). "The cases make it clear that parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a)." 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 1683 (3d ed. 2010).

The joinder of claims in a single action is governed by Rule 20 of the Federal Rules of Civil Procedure, which provides that parties "may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). The permissive joinder rule is to be construed liberally "to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple law suits." *Cooper v. Fitzgerald*, 266 F.R.D. 86, 88 (E.D.

2

Pa. 2010). As the Supreme Court instructed, the impulse under the Federal Rules of Civil Procedure is for courts to entertain the "broadest possible scope of action consistent with fairness to the parties"; thus, "joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

Defendant argues that severance is proper because "the *only* relationship between the different claims alleged in the Complaint is the allegation that each of the fires was caused by a dryer manufactured by Electrolux." Docket No. 11 at 4 (emphasis in original). Defendant asserts that plaintiffs do not allege that the dryers at issue are the same model and therefore have the same structure and parts configuration. *Id.* If the case involves different models, defendant states that the case "will hinge on distinct facts that are unique to each plaintiff." *Id.* (quoting *Payne v. Grant Cty., Okla.*, 2014 WL 3349617, at *2 (W.D. Okla. July 8, 2014).

Plaintiffs argue that joinder of these claims is appropriate because "the individual Plaintiffs' rights arise from the manufacturer-defendant's defectively designed product" and both "individual Plaintiffs [] must establish that the dryers at issue were sold in a defective condition unreasonably dangerous to the consumer in any strict products liability action." Docket No. 15-1 at 5, 8.

"The first requirement for joinder is that the claims must 'aris[e] out of the same transaction, occurrence, or series of transactions or occurrences.'" *DIRECTV, Inc. v. Barrett*, 220 F.R.D. 630, 631 (D. Kan. 2004) (quoting Fed. R. Civ. P. 20(a)). "[A]ll logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." 7 Wright, et al.,

3

Fed. Prac. § 1653. In this case, plaintiffs allege that the two dryers that caused the fires were each ball-hitch dryers and shared several structural features. Docket No. 1 at 3, ¶¶ 11-13. The complaint also describes Electrolux's process for designing, testing, and redesigning its ball-hitch clothes dryers. *Id.* at 3-5, ¶¶ 15-28. While the two dryers were not identical models, the complaint alleges that they share common features and that Electrolux's process of designing each dryer is relevant to each claim. This is the form of logical relationship that Fed. R. Civ. P. 20(a) requires. *See DIRECTV*, 220 F.R.D. at 632 (finding joinder proper where "each defendant in each case purchased one or more devices, identical or nearly identical, designed to illegally intercept satellite signals or facilitate illegal interception").

Defendant asserts that courts regularly find that injuries from the same type of product do not arise out of the same transaction or occurrence, Docket No. 11 at 5, but each case cited by defendant arises in the context of drug liability. *See Hyatt v. Organon USA, Inc.*, 2012 WL 4809163, at *1 (E.D. Mo. Oct. 10, 2012); *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prod. Liab. Litig.*, 294 F. Supp. 2d 667, 679 (E.D. Pa. 2003); *In re Rezulin Prod. Liab. Litig.*, 168 F. Supp. 2d 136, 144 (S.D.N.Y. 2001); *Boschert v. Pfizer, Inc.*, 2009 WL 1383183, at *3 (E.D. Mo. May 14, 2009); *Cumba v. Merck & Co.*, 2009 WL 1351462, at *1 (D.N.J. May 12, 2009). The rule for joinder in prescription drug cases appears to be somewhat stricter as a result of the importance of medical histories, drug dosage, and other differences peculiar to individual plaintiffs. *See, e.g., Cumba*, 2009 WL 1351462, at *1 ("The majority of courts to address joinder *in the context of drug liability* cases have found that basing joinder

4

merely on the fact that the plaintiffs ingested the same drug and sustained injuries as a result thereof is insufficient.") (emphasis added); *Hyatt,* 2012 WL 4809163, at *1 (listing joinder cases related to prescription drug suits). In the instant case, there is no comparable concern that subrogors' characteristics will predominate over other issues. In addition, the dispute in this case alleges more than that the subrogors purchased similar dryers. The complaint alleges that those dryers were redesigned in a similar manner and shared features that caused the fires in the instant case. Docket No. 1 at 3-6, ¶¶ 11-36.

Fed. R. Civ. P. 20(a) also requires questions of law or fact common to all plaintiffs. The complaint alleges that defendant is liable under a theory of strict products liability. *Id.* at 6-11, ¶¶ 37-49. "A claim of defect can be premised on a design defect, manufacturing defect, or a failure to warn." *White v. Caterpillar, Inc.*, 867 P.2d 100, 105 (Colo. App. 1993) (citing *Camacho v. Honda Motor Co.*, 741 P.2d 1240 (Colo. 1987)). Under all three theories, a plaintiff must prove that a product has a defective condition that renders it unreasonably dangerous. *Id.* (citation omitted). Colorado courts apply both the consumer expectation test, which considers whether a product is "dangerous to an extent beyond that which would be contemplated by the ordinary consumer," and a risk-benefit analysis that considers "the efficacy of alternative designs." *Id.* Plaintiffs' claims thus require consideration of similar evidence with respect to consumer expectations and design.

On August 11, 2017, defendant submitted a supplemental reply in support of its motion to sever and dismiss. Docket No. 47. In its reply brief, defendant argued that

plaintiffs have "conceded that the two claims in this case involve different facts and legal theories." *Id.* at 2. In support, defendant cites a telephonic hearing where plaintiffs stated the first claim involved "a manufacturing defect" that does not exist in "other consolidated actions pending around the country," making that claim file "unique because it's a different failure mode." Docket No. 47 at 8, pp. 5-6, ll. 25, 1-7. On September 22, 2017, pursuant to a directive from the Court, Docket No. 48, plaintiffs responded to defendant's arguments about the fires having different causes. Docket No. 49. While glossing over the fact that the fires apparently started in different ways, *id.* at 1, plaintiffs point to a central issue that would nevertheless be common, namely, whether the dryers' plastic components are defectively designed and whether the use of such plastic breached the standard of care. While the causes of the fires will pose different issues of proof, defendant has not shown that this issue will predominate over the common issues in such a way as to merit severance.

Finally, defendant argues that it would be prejudiced if the two actions are not severed. Docket No. 11 at 6-7. Defendant argues that discovery would be "unwieldy and inefficient," but merely argues that a hypothetical delay in discovery could delay the entire case. *Id.* at 6. Apart from an isolated telephonic hearing, Docket No. 41, the docket in this case does not evidence any delays related to discovery. To the contrary, the telephonic hearing suggests that much of the discovery is proceeding in accordance with "other coordinated proceedings," Docket No. 42 at 4, p. 4, ll. 2-4, suggesting that the parties have successfully coordinated discovery between this case and other proceedings around the country. Defendant also argues that "the vastly different factual circumstances involved in each of the claims will result in prejudice to Electrolux

6

if they are tried together." Docket No. 11 at 7. This argument is premature. Any prejudice related to the differences between the claims can be considered in advance of trial.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant Electrolux Home Products, Inc.'s Motion to Sever and Dismiss [Docket No. 11] is **DENIED**.

DATED September 22, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge